**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: CV-_____**

| | |
|---|---|
| James Stellick,<br><br>          Plaintiff,<br>v.<br><br>Great Lakes Higher Education Guaranty Corp and Diversified Collection Services Inc.,<br><br>          Defendants. | **COMPLAINT**<br><br>**WITH JURY TRIAL DEMAND** |

**I.**

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

**II.**

**JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

**III.**

**PARTIES**

3. Plaintiff, James Stellick, is a natural person residing in the City of Minnesota City, County of Winona, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant Great Lakes Higher Education Guaranty Corporation (hereinafter "Defendant Great Lakes"), is a loan company doing business at an address of 2401 International Lane, Madison, WI 53704, and is a "creditor" as defined by 15 U.S.C. § 1692a(4).

1

5. Defendant Diversified Collection Services, Inc. (hereinafter "Defendant DCS"), is Foreign Corporation doing business at an address of 333 North Canyons Parkway, Suite 100, Livermore, CA 94551-7661, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## IV.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a consumer debt, as that term is defined at 15 U.S.C. § 1692a(5), with Wisconsin Higher Education for a student loan, account number: 90008629926.

7. Plaintiff filed Chapter 7 Bankruptcy and listed the student loan debt account number #90008629926.

8. The debt was discharged pursuant to Court order.

9. Further, Plaintiff has written correspondence from Defendant Great Lakes that the debt was discharged and he no longer owed it.

10. Despite this fact Defendant Great Lakes then assigned the discharged debt to Defendant DCS for collection.

11. Defendant caused to be sent to Plaintiff an initial dunning communication dated June 17, 2006.

12. Plaintiff disputed the debt pursuant to 15 U.S.C. § 1692g(b) with Defendant DCS by letter dated June 22, 2006, and included proof and written evidence that it had been discharged.

13. Further, Defendant DCS's agent Ann Gable called Plaintiff threatening to garnish Plaintiff's wages, in violation of 15 U.S.C. §§ 1692d, 1692e and 1692f.

14. Plaintiff tried to explain to Defendant DCS's agent that her creditor client (Defendant Great Lakes) already had agreed that the debt was discharged and no longer due and owing.

15. Defendants' collection campaign persisted in violation of 15 U.S.C. §§ 1692d, 1692e and 1692f and in addition to 11 U.S.C. § 524.

16. Defendants have caused Plaintiff actual damage and harm in the form of adverse and derogatory credit reporting and resultant denials of credit.

17. Plaintiff seeks relief in the form of actual, statutory and punitive damages in addition to attorney fees and costs.

### TRIAL BY JURY

18. Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

### CAUSES OF ACTION

#### COUNT I.

#### FAIR DEBT COLLECTION PRACTICES ACT
#### 15 U.S.C. §1692, et seq. – DEFENDANT DCS

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of Defendant DCS constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

21. As a result of Defendant DCS's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15

U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant DCS.

## COUNT III.

### VIOLATION OF 11 U.S.C. § 524 – ALL DEFENDANTS

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendants' actions have directly violated the automatic stay provisions of the federal bankruptcy code.

24. Defendants were aware of Plaintiff's bankruptcy.

25. Because Defendants had notice that Plaintiff had filed for bankruptcy, it violated of 11 U.S.C. § 524 and its actions constituted contempt subjecting Defendants to punitive damages pursuant to 11 U.S.C. § 524.

26. As a result of Defendants' intentional and negligent acts, the Plaintiff has suffered actual out-of-pocket damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

a) for an award of statutory damages of $1,000.00 against Defendant DCS pursuant to 15 U.S.C. §1692k;

b) for an award against Defendant DCS for actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k;

c) for an Order holding Defendants in civil contempt for violating 11 U.S.C. § 524;

d) for an Order finding Defendants in willful violation of 11 U.S.C. § 524 and subject to punitive damages pursuant to 11 U.S.C. § 524;

e) for a money judgment against Defendants in an amount in excess of $5,000.00 as compensatory damages, pursuant to the Courts contempt powers;

f) for a money judgment against Defendants in an amount in excess of $25,000.00 as punitive damages, pursuant to 11 U.S.C. § 524; and

g) for such other and further relief as may be just and proper.

Dated this 13th day of October, 2006.    **CONSUMER JUSTICE CENTER, P.A.**

By: s/Thomas J. Lyons, Jr.
Thomas J. Lyons, Jr.
Attorney I.D. #:  0249646
367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  (651) 770-9707

LYONS LAW FIRM
Thomas J. Lyons
Attorney I.D. #:  65699
367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  (651) 770-9707

Attorneys for Plaintiff

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFFS**

STATE OF MINNESOTA )
) ss.
COUNTY OF Winona )

James Stellick, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                              s/James Stellick
                                              James Stellick

Subscribed and sworn to before me
this 9 day of October, 2006.


s/Deann L. Vix
Notary Public

6